

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MALUAL AWAK,

    Plaintiffs,

v.

HEARTLAND ALLIANCE FOR HUMAN NEEDS
& HUMAN RIGHTS, HEARTLAND HOUSING,
INC., HEARTLAND HEALTH OUTREACH,
INC., HEARTLAND HUMAN CARE SERV.,
AND HEARTLAND INT'L HEALTH CENTER,

    Defendants.

Case No. 11 C 4133

The Honorable William J. Hibbler

## MEMORANDUM OPINION AND ORDER

Motions to dismiss test the sufficiency of the complaint, not the merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Under notice pleading standards, complaints must set out sufficient factual material, taken as true, to raise plaintiff's right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Plaintiffs are not required to plead detailed facts or set forth legal theories. *Benuzzi v. Bd. of Educ. of City of Chicago*, 647 F.3d 652, 664 (7th Cir. 2011). Nor does a plaintiff need to plead facts to satisfy the elements of a prima facie case of employment discrimination. *Sweirkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11, 122 S.Ct. 922, 152 L.Ed.2d 1 (2002). Defendants frequently forget or ignore these elementary, long-established rules in moving to dismiss Malual Awak's claims.

Much of Defendants' argument is based on the statute of limitations. The Family Medical Leave Act, under which Awak brings several claims, has a three-year statute of limitations for willful

1

violations of the Act and a two-year statute of limitations for any violations that are not willful. 29 U.S.C. § 2617(c). Defendants argue that Awak has not sufficiently pleaded that its violations were willful.

Awak has pleaded, among other things that (1) he was a model employee for several years and received awards and promotions until he requested leave under the FMLA; (2) shortly after requesting leave he was not reinstated to his position; (3) when he later requested a second leave under the FMLA his supervisor made derogatory comments about his wife and his request for leave; (4) shortly thereafter his supervisor was instructed to begin "document[ing]" him; (5) shortly after complaining about being documented and not reinstated to his position, he was terminated; and (6) Defendants' actions were willful.

Defendants claim these are formulaic recitations of willfulness and therefore insufficient. In support, Defendants point to *Solorzano v. Ry. & Indus. Serv., Inc.*, No. 09 C 3733, 2010 WL 234972, at *2 (N.D. Ill. Jan. 15, 2010). Defendants grossly distort the holding in *Solorzano*. *Solorzano* does not stand for the proposition that alleging that a defendant's actions are "willful" fails to meet any pleading requirement. In *Solorzano*, the court observed that the plaintiff had failed to include any allegation of willfulness whatsoever and cited to a case where an allegation that the defendant acted willfully was sufficient. *Id.* Defendants are cautioned to be more careful with their representation of authority in the future lest they run afoul of Rule 11. Indeed, even under the heightened pleading standard of Rule 9(b) matters of intent may be pleaded generally, which means "as a conclusion, without specifying the underlying facts that would support the inference." *McCauley v. City of Chicago*, — F.3d. —, 2011 WL 4975644, at * 10 (Oct. 20, 2011). Clearly, Awak has met this standard, and Defendants arguments to the contrary are patently frivolous. The Court will thus apply

2

a 3-year statute of limitations period to Awak's FMLA claims.

Defendants first argue that Awak's failure to reinstate claim is barred by the statute of limitations. Awak initially took leave four weeks of leave under the FMLA in March 2007. When he returned in April 2007, he alleges the Defendants refused to reinstate him to his position and instead demoted him. Awak did not file this complaint until June 2011, more than four years after the April 2007 failure to reinstate.

Awak argues that the continuing violation doctrine spares his failure to reinstate claim. However, claims about discrete employment actions, such as a failure to promote or reinstate, are not continuing violations. *Pruitt v. City of Chicago, Illinois*, 472 F.3d 925, 927 (7th Cir. 2006) (applying continuing violations doctrine in Title VII and 1981 case). The Seventh Circuit has declined to apply the continuing violations doctrine to failure to reinstate claims. *Hanger v. Lake County*, 390 F.3d 579, 583 (7th Cir. 2004). This makes sense for the continuing violations doctrine is "reserved for theories of liability that depend on the cumulative impact of numerous individual acts, none of which is necessarily actionable in itself." *Reese v. Ice Cream Specialists, Inc.*, 347 F.3d 1007, 1012 (7th Cir. 2003). Awak knew (or should have known) that the Defendants had violated his FMLA rights when they refused to reinstate him in April 2007.

Awak also claims the statute of limitations should be tolled, because among other things, Defendants promised to reinstate him. Equitable tolling excuses untimely submissions if, despite reasonable diligence, some extraordinary circumstance (and it is not clear that a year-long unfulfilled promise by Defendants would constitute such a circumstance) prevents a plaintiff from timely filing. *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 972 (7th Cir. 2011). But Defendants made it clear they would not reinstate him when they terminated him in January 2009, with more than 15 months remaining on

3

the statute of limitations. Awak cannot claim that Defendants' unfulfilled promise to reinstate him prevented him from timely filing his failure to reinstate claim. Because Awak filed this claim more than four years after it accrued, it is untimely. The Court GRANTS Defendants' motion to dismiss Count I.

Defendants next argue that the Court should dismiss Awak's retaliatory discharge claim. They argue the claim is barred by the statute of limitations. This argument, however, is premised entirely on its frivolous argument that Awak has not adequately pleaded willfulness. Awak was terminated in January 2009 and filed this claim within 3 years and so it is timely.

Defendants also argue that Awak has not adequately alleged a causal connection between his taking of FMLA leave and his termination. As noted earlier, a plaintiff need not plead facts sufficient to satisfy all the prima facie elements of an employment discrimination claim, and the Court sees no distinction between such claims and retaliatory discharge claims under the FMLA. Even if he did need to so plead, Defendants wholly ignore the fact that proving a "causal connection" is only an element of the prima facie case under the direct method and not under the indirect method. Indeed, the very case they cite makes this clear. *See Cracco v. Vitran Express, Inc.*, 559 F.3d 625, 633-634 (7th Cir. 2009) (identifying elements under the indirect method as: (1) engaging in statutorily protected activity; (2) meeting employer's legitimate expectations; (3) suffering an adverse employment action; and (4) pointing to similarly situated employees who were treated more favorably). And even if Awak were forced to plead the elements of a retaliatory discharge claim under the direct method (which of course he is not), he has so pleaded. A jury could certainly infer from the derogatory comment directed at Awak about his wife's frequent pregnancy and his decision to take FMLA leave and his allegation that his supervisor was instructed to "document" him that there is a causal connection between his decision

to take FMLA leave and the Defendants' decision to terminate him. The Court DENIES Defendants' motion to dismiss Count II.

Finally, Defendants raise a number of arguments in favor of dismissal of Awak's ADEA claim. First, they argue that Awak has not pleaded sufficient facts to state a claim for discrimination under the ADEA. Again, Defendants make the mistake of arguing that Awak must plead facts to support every element of a *prima facie* case of discrimination, in direct contradiction to Supreme Court precedent. *See Sweirkiewicz*, 534 U.S. at 510-11. Defendants then argue that according to Awak's EEOC complaint, he was born on January 1, 1968, making him 39 when it allegedly demoted him. While Awak did not fall into a protected class when he was demoted, he alleges an ongoing pattern of discriminatory conduct — including a persistent refusal to return him to his position, unequal pay, being passed over for promotions, and inequitable disciplinary treatment. Awak turned 40 on January 1, 2008, and any alleged acts that occurred after that date would be actionable.

Defendants also argue that Awak has failed to state a claim for hostile work environment discrimination under the ADEA. Defendants first suggest that Awak complains about matters outside of the scope of his EEOC charge. But Awak clearly checked the box marked discrimination based upon his age in the EEOC charge. Awak's explanation of the charge of discrimination appended to the formal EEOC charge details precisely the series of events that he alleges in his complaint. In that document, Awak alleges that Defendants continued to hire and train younger and more inexperienced individuals than he and that Defendants engaged in a pattern of discriminatory conduct designed to force him to quit because of his age. Awak's allegations here are sufficiently related to the allegations in his EEOC complaint that the Defendants were put on notice of his claims and the EEOC had the opportunity to investigate the allegations. *See Noreuil v. Peabody Coal Co.*, 96 F.3d 254, 258 (7th

Cir.1996); *see also Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir.2002) (focusing on the allegations of the conduct and individuals involved and not legal theories). Defendants argument to the contrary, like many of their previous arguments, is frivolous.

Defendants next suggest that Awak has not pleaded sufficient facts to state a claim for age discrimination. Among other things, Awak alleges that he was: (1) paid less than other, younger persons in his position; (2) was passed over for promotions in favor of other, younger persons; (3) was terminated in favor of other, younger persons; (4) faced a hostile work environment in that Defendants assigned him to undesirable shifts and instituted unwarranted disciplinary proceedings against him. Those allegations are sufficient to state a claim for discrimination, and Defendants argument to the contrary is frivolous.

Defendants next argue that the statute of limitations bars Awak's ADEA claims. Charges of discrimination must be filed within 300 days of when the discriminatory activity took place. 29 U.S.C. § 626(d). Awak filed his charge of discrimination on April 21, 2009. That means any discrete acts of discrimination must have occurred after June 25, 2008.[1] To the extent that Awak complains about discrete acts of discrimination (such as a failure to promote), only those acts that occurred after June 25, 2008 are actionable. *See Pruitt*, 472 F.3d at 927. However, to the extent that Awak complains about a hostile work environment, the continuing violation doctrine preserves any such claim so long as at least one act of discrimination occurred after June 25, 2008. *Id.*

Finally, Defendants argue that Awak named only Heartland Alliance for Human Needs & Human Rights in his EEOC charge and the remainder of the Defendants should be dismissed.

---

[1] Defendants claim that 300 days before April 21, 2009 is October 2008. This is clearly incorrect. The Court will give Defendants the benefit of the doubt and not presume that this error was intentional.

Ordinarily, a party not named in an EEOC complaint may not be sued. 29 U.S.C. § 626(d) (requiring plaintiff to exhaust administrative remedies); *see also Schnellenbacher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989) (applying rule in Title VII case). However, if the plaintiff can demonstrate that the parent, subsidiary or affiliate had notice of the plaintiff's claims against *it* and that the parent, subsidiary or affiliate had an opportunity to participate in voluntary conciliation, then the plaintiff can proceed against parties not named in the EEOC charge. *Schnellenbacher*, 887 F.2d at 126; *see also Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001). No allegations in Plaintiffs' Complaint, however, suggests that such an exception is appropriate. Because *Twombly* requires that a plaintiff plead sufficient facts to raise the right to relief above a "speculative level," the Court cannot presume that the unnamed Defendants had notice of Awak's claims against them or that they had an opportunity to participate in the EEOC proceedings.

The Court DENIES in part and GRANTS in part Heartland Alliance For Human Needs & Human Rights's motion to dismiss Count III.[2] The Court GRANTS the motion with respect to the other four Defendants. This dismissal, however, is without prejudice.

IT IS SO ORDERED.

_12/29/11_
Dated

_Wm. J. Hibbler_
Hon. William J. Hibbler
U.S. District Court

---

[2] For clarity, the Court grants Heartland Alliance For Human Needs and Human Rights's motion only to the extent that any discrete acts of discrimination (such as a failure to promote) are time barred as discussed herein.

7